Jessica R. K. Dorman, Esq. (SBN: 279919)
jessica@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3609
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for William Lane

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| William Lane<br><br>Plaintiff,<br><br>v.<br><br>Asset Acceptance, LLC and Fulton Friedman & Gullace, LLP<br><br>Defendants. | Case No: **'13CV1931 JM   WVG**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. William Lane, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Asset Acceptance, LLC ("Asset") and Fulton Friedman & Gullace, LLP, ("Fulton"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

**JURISDICTION AND VENUE**

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

9. Because Defendants do business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

11. At all times relevant, Defendants conducted business within the State of California.

///

**PARTIES**

12. Plaintiff is a natural person who resides in the City of San Diego, State of California.

13. Defendant Fulton, Friedman & Gullace, LLP ("Fulton") is located in the City of Concord, in the State of California.

14. Defendant Asset Acceptance, LLC ("Asset") is located in the City of Warren, in the State of Michigan.

15. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

16. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

17. Sometime before May 21, 2013, Lane is alleged to have incurred certain financial obligations for a computer with Dell Financial Services.

18. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

19. Sometime thereafter, but before May 21, 2013, Lane allegedly fell behind in the payments allegedly owed on the alleged debt. Lane currently takes no position as to the validity of this alleged debt.

20. Subsequently, but before May 21, 2013, the alleged debt was assigned, placed, or otherwise transferred, to Asset for collection.

21. Subsequently, Asset, a debt collector pursuant to the FDCPA, retained Fulton, also a debt collector pursuant to the FDCPA, to proceed with legal action against Lane for the collection of Lane's alleged financial obligations.

22. Pursuant to the instructions of Asset, Fulton, in the name of Asset, then filed a state case against Lane on May 21, 2013 based on a consumer account that was allegedly in default, Case No. 37-2013-00049637-CL-CT-CTL.

23. Lane retained counsel on June 12, 2013 to represent him in the lawsuit filed against him by Asset and Fulton.

24. Subsequently, on June 18, 2013, Lane's counsel sent an Answer to the San Diego Superior Court and a copy of the Answer along with discovery requests to Fulton at the address listed on the summons, 2151 Salvio Street, Suite W, Concord CA 94520.

25. Fulton received Lane's Answer and discovery requests a few days later. At this time, Fulton knew that Lane was represented by counsel.

26. However, on or about August 5, 2013, Fulton mailed a Case Management Statement to Plaintiff. A few days later, Plaintiff received that Case Management Statement at his home.

27. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

28. Without the prior consent of the consumer given directly to the Defendant or the express permission of a court of competent jurisdiction, Defendant communicated with the consumer in connection with the collection of a debt when Defendant knew the consumer was represented by an attorney with respect to such debt and had knowledge of, or could have readily ascertained such attorney's name and address.  Consequently, Defendant violated 15 U.S.C. § 1692c(a)(2).

*Vicarious Liability*

29. At all relevant times, Fulton was an authorized agent of Asset as Asset's attorneys.

30. Pursuant to *Fox v. Citicorp Credit Services* 15 F.3d 1507, 1505, the actions of the attorney are to be inputed to the client on whose behalf the are taken.

31. At all relevant times, the actions taken by Fulton were in the scope of the agency relationship and in furtherance of Asset's interest and therefore are imputed upon Asset.

32. Because prior to these above described debt collection activities occurring, Asset had retained Fulton as Asset's legal representative for the sole purpose of collecting Asset's debts, and because Fulton was Asset's legal representative at the time the above described debt collection activities took place, and even continues to be Asset's legal representative today, and because the above described debt collection activities, acts and omissions of Fulton were conducted by Fulton at the direction and control of Asset, Fulton's activities, acts and omissions are imputed on Asset under the common law doctrine of agency, that is, respondeat superior, generally, and vicarious liability, specifically. Consequently, any liability of Fulton is also the liability of Asset, as Fulton was attempting to collect debts for Asset and acting at the direction and control of Asset, when those illegal activities, acts and omissions occurred.

## CAUSES OF ACTION

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692 ET SEQ.

33. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

34. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

35. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

36. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: August 20, 2013

By: /s/Jessica R. K. Dorman
Jessica R. K. Dorman
Attorneys for Plaintiff